KARISH & BJORGUM PC
A. Eric Bjorgum (State Bar No. 198392)
eric.bjorgum@kb-ip.com
Armand Andonian (State Bar No. 252608)
119 E. Union St., Suite B
Pasadena, CA  91103
Telephone:   (213) 785-8070
Facsimile:   (626) 795-6321

Attorneys for Plaintiff
TACORI ENTERPRISES

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TACORI ENTERPRISES,<br><br>    Plaintiff,<br><br>    v.<br><br>BLUE NILE, INC.; KGK JEWELLERY MANUFACTURING LTD; GOLDSTAR JEWELLERY LLC; and DOES 1-10,<br><br>    Defendants. | Case No. 2:22-cv-3739<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT, TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION; REQUEST FOR TRIAL BY JURY** |

Plaintiff, Tacori Enterprises ("Tacori"), by and through its attorneys, Karish & Bjorgum, PC, files its complaint against Blue Nile, Inc., KGK Jewellery Manufacturing Ltd. and Goldstar Jewellery LLC (collectively "Defendants") for injunctive relief and damages as follows:

### Subject Matter Jurisdiction and Venue

1.     This case is a civil action arising under the Trademark and Copyright Laws of the United States, 15 U.S.C. §§ 1051, *et seq*., and 17 U.S.C. §§ 101, *et seq*., respectively. This Court has subject matter jurisdiction over the claims in this Complaint which relate to copyright infringement and trade dress infringement pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a).

2.     This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law of the State of California pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they

form part of the same case or controversy and derive from a common nucleus of operative facts.

3.     Venue is proper in this court pursuant to 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events giving rise to Tacori's claims occurred in this district and because Defendant is subject to personal jurisdiction in this district.

## Parties and Personal Jurisdiction

4.     Plaintiff Tacori Enterprises is a California corporation with its principal place of business at 1736 Gardena Avenue, Glendale, California.

5.     Defendant Blue Nile, Inc. ("Blue Nile") is a Delaware corporation with its principal place of business at 3380 146th PL SE, Suite 400, Bellevue, Washington 98007.

6.     Upon information and belief, Defendant KGK Jewellery Manufacturing Ltd. ("KGK) is a subsidiary of the multinational KGK Group headquartered in Hong Kong with office in the state of New York.

7.     Defendant Goldstar Jewellery LLC ("Goldstar") is a New York limited liability company with its principal place of business at 20 W. 37th Street, 7th Floor, New York, NY 10018.

8.     This Court has personal jurisdiction over Defendants because Defendants transact business affairs in this Judicial District, derives substantial revenue from transacting business within this Judicial District, and have substantial contacts with this Judicial District.

## The Business of Plaintiff Tacori Enterprises

9.     For over 35 years, Tacori has been an innovator in the design, creation, and marketing of fine jewelry.  Tacori designs its own jewelry and has created exclusive collections from top quality platinum and gold.

10.     Among Tacori's original jewelry designs are pieces of jewelry which contain crescents (collectively the "Tacori Crescent Jewelry").  Each piece of the Tacori Crescent Jewelry is an original design comprising copyrightable subject matter under the laws of the United States.

11.     At all relevant times, Tacori complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et seq.*, and secured the exclusive rights and privileges in and to the copyright in the Tacori Crescent Jewelry.  Each piece of the Tacori Crescent Jewelry is an original work copyrightable under the Copyright Act, and has been copyrighted in full compliance with the Copyright Act.

12.     Tacori has received Certificates of Registration and Supplemental Registrations from the Register of Copyrights for the Tacori Crescent Jewelry.  The Copyright Registrations for the copyrights infringed by Defendant are attached to this Complaint as Exhibit A.

13.     Since its creation, the Tacori Crescent Jewelry has been manufactured by Tacori, or under its authority.

14.     Since the creation of the Tacori Crescent Jewelry, Tacori has been and still is the sole proprietor of all rights, title and interest in and to the copyrights in the Tacori Crescent Jewelry and the Certificates of Registration corresponding therewith.

15.     Tacori introduced the first of its distinctive and unique Tacori Crescent Jewelry in 1999.

16.     Since the introduction of its first distinctive Tacori Crescent Jewelry, Tacori has introduced additional rings and other types of jewelry, all of which incorporate the same distinctive design elements, referred to in this Complaint as the "Tacori Crescent Trade Dress."  The Tacori Crescent Trade Dress, as it applies to rings and some pieces of jewelry, is defined as ". . . the appearance of portions of two essentially concentric rings, with one of the rings having a larger diameter than the other.  Embedded between the rings are repeating semi-circles or arcs which appear contiguous to each other.  A space is created between the contiguous semi-circles or arcs."  Tacori owns a United States trademark registration for the Tacori Crescent Trade Dress, Registration No. 3,728,425.  A copy of the Registration Certificate for this registration is attached to this Complaint as Exhibit B.

17.     Tacori has introduced other rings and other types of jewelry, all of which incorporate the same distinctive design elements, referred to in this Complaint as the

"Tacori Signature Crescent Trademark."  The Tacori Signature Crescent Trademark, as it applies to rings and some pieces of jewelry, "consists of the appearance of portions of two essentially concentric rings, with one of the rings having a larger diameter than the other. Embedded between the concentric rings is an arc. A precious stone may be contained within the arc. At both sides of the arc are two generally triangular openings."  Tacori owns a United States trademark registration for the Tacori Signature Crescent Trademark, Registration No. 5,666,511.  A copy of the Registration Certificate for this registration is attached to this Complaint as Exhibit C.  The Tacori Crescent Trade Dress and the Tacori Signature Crescent Trademark shall collectively be referred to in this Complaint as the "Tacori Trademarks."

18.    Tacori has made and continues to make a substantial investment of time, effort, and expense in the design, manufacturing, and marketing of its jewelry featuring the Tacori Trademarks.

19.    Tacori advertises jewelry designs that contain the Tacori Trademarks in national publications, such as Cosmopolitan, Elegant Bride, Elle, InStyle, InStyle-Wedding, Marie Claire, Martha Stewart Wedding, Modern Bride, Robb Report, Town & Country, Vogue, and W.  Tacori advertises its products, particularly those with the Tacori Trademarks, in trade publications, through its website www.tacori.com and social media channels, including Facebook, Twitter, Instagram, TikTok and YouTube.

20.    Tacori also advertises extensively through paid digital media outlets including Google ads, Facebook, Instagram, Pinterest and TikTok, search engine optimization using adwords including "Tacori" and "Crescent," banner ads via lifestyle publication sites including Marie Claire, Who What Wear and the Zoe Report.

21.    The Tacori Crescent Jewelry bearing the Tacori Trademarks has been sold to retail stores and online throughout the United States.  These retail stores display and offer for sale the Tacori Crescent Jewelry in-store, and online for certain retailers, with the Tacori Trademarks to the general public.

22.     The Tacori Crescent Jewelry featuring the Tacori Trademarks has had outstanding commercial success.  As a result, jewelers and the public recognize the Tacori Trademarks as designating an exclusive source, thereby creating a goodwill which inures to Tacori's benefit.

## The Business of Defendants

23.     Tacori is informed and believes, and on that basis alleges, that Defendant Blue Nile is a retailer of jewelry and is in the business of marketing and selling jewelry.

24.     Defendant Blue Nile sells or has sold jewelry through its website www.bluenile.com.

25.     Tacori is informed and believes, and on that basis alleges, that Defendant KGK is a wholesale manufacturer and/or retailer of jewelry and/or precious stones to the jewelry industry and is in the business of manufacturing, marketing and selling jewelry and/or precious stones.

26.     KGK has been a supplier of Tacori since as early as 2013, and markets its products and services through its website www.kgkgroup.com.

27.     Tacori is informed and believes, and on that basis alleges, that Defendant Goldstar is a wholesale manufacturer and/or retailer of jewelry and/or precious stones to the jewelry industry and is in the business of manufacturing, marketing and selling jewelry and/or precious stones.

28.     Goldstar markets its products and services through its website www.goldstarjewellery.com.

29.     Tacori is informed and believes, and on that basis alleges, that KGK and Goldstar are suppliers of jewelry and/or precious stones to Blue Nile.

30.     Tacori is informed and believes, and on that basis alleges, that Defendants operate their jewelry business in direct competition with Tacori's jewelry business.

31.     Tacori is informed and believes, and on that basis alleges, that Defendants sell their jewelry to, and actively solicit and seek as customers, the same jewelers and retailers as Tacori.

32.     Tacori is informed and believes, and on that basis alleges, that Defendants sell their jewelry to, and actively solicit and seek as consumers, the same consumers as Tacori.

33.     Tacori is informed and believes, and on that basis alleges, that Defendants sell their jewelry to jewelers, retailers, and consumers within this Judicial District, and specifically market its jewelry within this Judicial District.

34.     Tacori has not authorized Defendants to copy, reproduce, manufacture, duplicate, disseminate, or distribute the Tacori Crescent Jewelry or jewelry with a design that is substantially similar to the Tacori Crescent Jewelry.

35.     Tacori has not authorized Defendants to copy, reproduce, manufacture, duplicate, disseminate, or distribute jewelry with a design that is confusingly similar to the Tacori Trademarks.

36.     In violation of federal copyright law, Tacori is informed and believes, and on that basis alleges, that Defendants have engaged in the advertisement, manufacture, distribution, duplication and/or sale of infringing copies of the Tacori Crescent Jewelry.

37.     In violation of federal and state trademark law, Tacori is informed and believes, and on that basis alleges, that Defendants have engaged in the advertisement, manufacture, distribution, duplication and/or sale of jewelry with designs that are confusingly similar to the Tacori Trademarks.

## First Cause of Action

### (Copyright Infringement)

38.     Tacori realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 37 of this Complaint as though fully set forth.

39.     Defendants' acts constitute infringement of Tacori's copyrights in the Tacori Crescent Jewelry in violation of the Copyright Act, 17 U.S.C. § 101, *et seq.*

40.     For example, the Blue Nile Diamond Pave and Milgrain Ring provided by KGK is substantially similar to Tacori's copyrighted ring designs 2620 (Copyright Registration No. VA 1-668-685) and 2638 (Copyright Registration No. VA 1-732-607):





Tacori Style No. 2620

Blue Nile Diamond Pave and Milgrain Ring



Tacori Style No. 2638

41.   For further example, the Blue Nile Diamond Pave and Milgrain Profile Wedding Ring provided by KGK is substantially similar to Tacori's copyrighted ring design HT 2229 (Copyright Registration No. VA 1-668-685) and Tacori Style No. HT 2550 B:

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Tacori Style No. HT 2229



Blue Nile Diamond Pave and Milgrain
Profile Wedding Ring



Tacori Style No. HT 2550 B

42.     For further example, the Monique Lhuillier Oval Halo ring provided by Goldstar to Blue Nile is substantially similar to Tacori's ring design HT 2516 (Copyright Registration No. VA 1-732-629) and Tacori Style No. HT 2524:

8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Tacori Style No. HT 2516



Monique Lhuillier Oval Halo



Tacori Style No. HT 2524

43.    For further example, the Monique Lhuillier Curved Band provided by Goldstar to Blue Nile is substantially similar to Tacori's copyrighted ring design HT 2229 (Copyright Registration No. VA 1-668-685):

1
2
3
4
5
6
7
8
9





Tacori Style No. HT 2229                    Monique Lhuillier Curved Band

10
11
12
13
14
15      44.    For  further  example,  the  Goldstar  ring  design  is  substantially  similar  to
16   Tacori's copyrighted ring design 2638 (Copyright Registration No. VA 1-429-104) and
17   Tacori Style No. 2605:
18
19
20
21
22
23
24
25
26
27
28





| Tacori Style No. 2638 | Goldstar Ring |

45.   Tacori is informed and believes that Defendants' manufacture, distribution, duplication, offer for sale and/or sale of infringing copies of the Tacori Crescent Jewelry was deliberate, willful, malicious, oppressive, and without regard to Tacori's proprietary rights.

46.   Defendants' copyright infringement has caused, and will continue to cause, Tacori to suffer substantial injuries, loss, and damage to its proprietary and exclusive rights to the copyrights in the Tacori Crescent Jewelry and further, has damaged Tacori's business reputation and goodwill, diverted its trade, and caused loss of profits, all in an amount not yet determined.  In addition, Tacori is entitled to receive the profits made by Defendants from its wrongful acts pursuant to 17 U.S.C. § 504.  Alternatively, Tacori is entitled to recover statutory damages, on election by Tacori, in an amount of up to $150,000 for each copyrighted work sold, offered for sale or distributed.

47.     Defendants' copyright infringement, and the threat of continuing infringement has caused, and will continue to cause Tacori repeated and irreparable injury.  It would be difficult to ascertain the amount of money damages that would afford Tacori adequate relief at law for Defendants' acts and continuing acts.  Tacori's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendant.  Therefore, Tacori is entitled to temporary, preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502, and to an order under 17 U.S.C. § 503 and 28 U.S.C. § 1651(a) that the infringing copies of the Tacori Crescent Jewelry, and all molds by which such infringing copies were produced, be seized, impounded and destroyed.

48.     Tacori is also entitled to recover its attorneys' fees and cost of suit pursuant to 17 U.S.C. § 505.

## Second Cause of Action

### (Trademark Infringement Under 15 U.S.C. § 1114(1))

49.     Tacori realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 48 of this Complaint as though fully set forth here.

50.     Defendants' use in commerce of Tacori's federally registered trademark is likely to cause confusion, mistake, or to deceive.

51.     For example, the Blue Nile Diamond Pave and Milgrain Ring provided by KGK is confusingly similar to the Tacori Signature Crescent Trademark:



Tacori Signature Crescent Trademark



Blue Nile Diamond Pave and Milgrain
Ring

52.    For further example, the Blue Nile Diamond Pave and Milgrain Profile Wedding Ring provided by KGK ring design is confusingly similar to the Tacori Crescent Trade Dress:



Tacori Crescent Trade Dress



Blue Nile Diamond Pave and Milgrain
Profile Wedding Ring

53.     For further example, the Monique Lhuillier Oval Halo ring provided by Goldstar to Blue Nile is confusingly similar to the Tacori Crescent Trade Dress:




Tacori Crescent Trade Dress          Monique Lhuillier Oval Halo

54.     For further example, the Monique Lhuillier Curved Band provided by Goldstar to Blue Nile is confusingly similar to the Tacori Crescent Trade Dress:





Tacori Crescent Trade Dress

Monique Lhuillier Curved Band

55.    For further example, the Goldstar ring design is confusingly similar to the Tacori Crescent Trade Dress:





Tacori Signature Crescent Trademark

Goldstar Ring

56.     The above-described acts of the Defendants constitutes trademark infringement in violation of 15 U.S.C. § 1114(1), entitling Tacori to relief.

57.     Defendants have unfairly profited from the trademark infringement alleged.

58.     By reason of Defendants' acts of trademark infringement, Tacori has suffered damage to the goodwill associated with the Tacori Trademarks.

59.     Defendants' acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm Tacori and its federally registered trademark.

60.     Defendants' acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public who has an interest in being free from confusion, mistake, and deception.

61.     By reason of Defendants' acts of trademark infringement, Tacori's remedy at law is not adequate to compensate it for the injuries inflicted by the Defendants. Accordingly, Tacori is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

62.     By reason of Defendants' willful acts of trademark infringement, Tacori is entitled to damages, and that those damages be trebled under 15 U.S.C. § 1117.

63.     This is an exceptional case making Tacori eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

### Third Cause of Action

(Trademark Infringement and False Designation of Origin

Under 15 U.S.C. § 1125(a))

64.     Tacori realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 63 of this Complaint as though fully set forth.

65.     Tacori's jewelry incorporating the Tacori Trademarks has a unique and distinctive design which designates a single source of origin.

66.     Defendants' use in commerce of the Tacori Trademarks is likely to cause confusion, or to cause mistake, or to deceive the relevant public that Defendants' goods or service are authorized, sponsored or approved by or are affiliated with Tacori.

67.     The above-described acts of Defendants constitutes trade dress infringement of the Tacori Trademarks and false designation of origin in violation of 15 U.S.C. § 1125(a), entitling Tacori to relief.

68.     Tacori is being damaged and is likely to be damaged in the future by Defendants' infringement by reason of the likelihood that purchasers of Defendants' goods will be confused or mistaken as to source, sponsorship or affiliation of Defendants' jewelry.

69.     Defendants have unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined.

70.     By reason of the above-described acts of Defendants, Tacori has suffered and will continue to suffer damage to the goodwill associated with the Tacori Trademarks.

71.     The above-described acts of Defendants have irreparably harmed and, if not enjoined, will continue to irreparably harm Tacori and the Tacori Trademarks.

72.     The above-described acts of Defendants have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public which has an interest in being free from confusion, mistake, and deception.

73.     By reason of the above-described acts of Defendants, Tacori's remedy at law is not adequate to compensate it for the injuries inflicted.  Accordingly, Tacori is entitled to entry of injunctive relief pursuant to 15 U.S.C. § 1116.

74.     Because the above-described acts of Defendants were willful, Tacori is entitled to damages, and that those damages be trebled, under 15 U.S.C. § 1117.

75.     This is an exceptional case making Tacori eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## Fourth Cause of Action

(Violation of California Bus. & Prof. Code Section 17200)

76.     Tacori realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 75 of this Complaint as though fully set forth.

77.     Tacori is informed and believes that Defendants are in direct competition with Tacori.

78.     Defendants have infringed Tacori's trademark rights and sold infringing products in violation of Tacori's proprietary rights. Such acts constitute unfair trade practices and unfair competition under California Business and Professions Code §§ 17200, *et seq*., and under the common law of the State of California.

79.     Pursuant to California Business and Professions Code § 17203, Defendants are required to disgorge and restore to Tacori all profits and property acquired by means of Defendants' unfair competition with Tacori.

80.     Due to the conduct of the Defendants, Tacori has suffered and will continue to suffer irreparable harm. It would be difficult to ascertain the amount of money damages that would afford Tacori adequate relief at law for Defendants' acts and continuing acts. Tacori's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendants.   Accordingly, Tacori is entitled to temporary, preliminary and permanent injunctive relief pursuant to California Business and Professions Code § 17203.

81.     Tacori is informed and believes and on that basis alleges that Defendants' conduct has been intentional and willful and in conscious disregard of Tacori's rights and, therefore, Tacori is entitled to exemplary or punitive damages under the common law of the State of California in an amount appropriate to punish Defendants and to make an example of Defendants to the community.

## Prayer for Relief

**Therefore**, Tacori respectfully requests judgment as follows:

1.     That the Court enter a judgment against Defendants that Defendants have:

(a)     infringed the rights of Tacori in its federally registered trademark in the Tacori Trademarks in violation of 15 U.S.C. § 1114;

(b) infringed the trademark rights of Tacori in the Tacori Trademarks in violation of 15 U.S.C. § 1125;

(c) infringed the rights of Tacori in Tacori's federally registered copyrights under 17 U.S.C. § 501; and

(d) competed unfairly with Tacori at common-law and violated Cal. Bus. & Prof. Code section 17200.

2. That each of the above acts were willful.

3. That the Court issue a Temporary Restraining Order and Preliminary Injunction enjoining and restraining Defendants and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from:

(a) manufacturing, producing, selling, distributing, destroying, altering, or otherwise disposing of any jewelry that is in the possession of Defendants that is confusingly similar to the Tacori Trademarks, or that is substantially similar to the Tacori Crescent Jewelry;

(b) destroying any documents, electronic files, wax models, molds, business records, or any other tangible object pertaining to the copying, reproduction, manufacture, duplication, distribution, or advertisement of any such jewelry; and,

(c) engaging in any other activity constituting an infringement of Tacori's trademarks in the Tacori Trademarks or Tacori's copyrights in the Tacori Crescent Jewelry.

4. That Tacori be awarded damages for Defendants' trademark and trade dress infringement, and unfair competition.

5. That Tacori be awarded Defendants' profits resulting from its infringement of Tacori's trademark and trade dress rights.

6. That Defendants be ordered to account for and disgorge to Tacori all amounts by which Defendants have been unjustly enriched by reason of the unlawful acts

19
COMPLAINT

complained of.

7. That damages resulting from Defendants' willful infringement be trebled in accordance with the provisions of 15 U.S.C. § 1117.

8. That Tacori be awarded damages for Defendants' copyright infringement either: (i) actual damages in an amount to be determined at trial, together with Defendants' profits derived from its unlawful infringement of Tacori's copyrights; or (ii) statutory damages for each act of infringement in an amount provided by law, as set forth in 17 U.S.C. § 504, at Tacori's election before the entry of final judgment, together with prejudgment and post-judgment interest.

9. That Tacori be awarded all profits and property acquired by means of Defendants' unfair competition with Tacori.

10. That Tacori be awarded exemplary or punitive damages in an amount appropriate to punish Defendants and to make an example of Defendants to the community.

11. That the Court issue a Permanent Injunction enjoining and restraining Defendants and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from copying, reproducing, manufacturing, duplicating, disseminating, distributing, or using Tacori's trademark rights in the Tacori Trademarks or infringing copies of the Tacori Crescent Jewelry.

12. That the Court issue an Order at the conclusion of the present matter that the jewelry infringing the Tacori Trademarks and all infringing copies of the Tacori Crescent Jewelry, and all molds by which such infringing jewelry was produced, be seized, impounded and destroyed.

13. That the Court award Tacori its reasonable attorneys' fees pursuant to 17 U.S.C. § 505, 15 U.S.C. § 1117, and any other applicable provision of law.

14.   That the Court award Tacori its costs of suit incurred herein.

15.   That Tacori be awarded such other relief as may be appropriate, including costs of corrective advertising.

DATED:  June 1, 2022                                    _____

By:   _____

KARISH & BJORGUM PC
A. Eric Bjorgum (State Bar No. 198392)
eric.bjorgum@kb-ip.com
Armand Andonian (State Bar No. 252608)
119 E. Union St., Suite B
Pasadena, CA  91103
Telephone:  (213) 785-8070
Facsimile:   (626) 795-6321

Attorneys for Plaintiff
TACORI ENTERPRISES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEMAND FOR TRIAL BY JURY**

   Plaintiff Tacori Enterprises hereby demands a trial by jury to decide all issues so triable in this case.


DATED:  June 1, 2022       _____


By:                 

            _____

            KARISH & BJORGUM PC
            A. Eric Bjorgum (State Bar No. 198392)
            eric.bjorgum@kb-ip.com
            Armand Andonian (State Bar No. 252608)
            119 E. Union St., Suite B
            Pasadena, CA  91103
            Telephone:  (213) 785-8070
            Facsimile:   (626) 795-6321

            Attorneys for Plaintiff
            TACORI ENTERPRISES

COMPLAINT