1  Stephen M. Lobbin (SBN 181195)
   sml@smlavvocati.com
2  Julia M. Skyhar (SBN 340227)
   jms@smlavvocati.com
3  **SML AVVOCATI P.C.**
   888 Prospect Street, Suite 200
4  San Diego, California 92037
   Tel: 949.636.1391
5
   Attorneys for Defendant
6  KGK Jewellery Manufacturing Ltd.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| **Tacori Enterprises**, <br><br> Plaintiff, <br><br> v. <br><br> **Blue Nile, Inc.**, **KGK Jewellery Manufacturing Ltd.**, and **Goldstar Jewellery LLC**, <br><br> Defendants. | Case No. 2:22-cv-03739-SVW-GJS <br><br> **DEFENDANT KGK JEWELLERY MANUFACTURING LTD.'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS COMPLAINT** <br><br> Date: February 27, 2023 <br> Time: 1:30 p.m. <br> Ctrm: 10A <br><br> Honorable Stephen V. Wilson |

Defendant KGK Jewellery Manufacturing Ltd. ("KGK"), through its counsel, respectfully submits this Reply Brief in further support of its Motion to Dismiss Plaintiff Tacori Enterprises' ("Tacori") Complaint (Dkt. 3).

## I. INTRODUCTION

Tacori's Opposition (Dkt. 32, "Opp'n") fails to substantively address the primary arguments raised in KGK's Motion to Dismiss (Dkt. 31, "Motion"). As it stands, KGK has yet to be served with process and, in all events, is not subject to personal jurisdiction in this Court—it has never had any business presence in California (or the United States) nor purposefully directed activities at the forum.

With respect to service, Tacori now asserts that it served an ***unidentified*** "general manager" in New York. This argument is a nonstarter—without an identification of the entity supposedly served it is impossible to determine whether service was proper.

After spending pages trying to establish that KGK is at home in New York, Tacori then completely contracts itself in responding to KGK's jurisdictional arguments. Specifically, recognizing that allegations in the Complaint relating to personal jurisdiction are insufficient, KGK turns entirely to Fed. R. Civ. P. 4(k)(2) to argue that KGK is "subject to personal jurisdiction anywhere in the United States" and thus should allow Plaintiff "hold [KGK] to account in this district" (ECF No. 15 at 3, 5). But Tacori cannot have it both ways—if KGK has a general manager in New York, its case for proceeding in California under Rule 4(k)(2) must fail. Moreover, Tacori does not (and cannot) establish that the exercise of personal jurisdiction over KGK would comport with due process because, among things, KGK has not directed any acts toward the United States.

With respect to the merits, Tacori does not dispute that the Complaint lacks any factual support for its infringement allegations. Rather, Tacori maintains that its conclusory allegations of copyright and trade dress infringement are sufficient. Tacori is wrong and its claims are ripe for dismissal.

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

For these reasons, and those discussed below, KGK respectfully requests that the Court dismiss this action in its entirety.

## II. TACORI'S OPPOSITON CONFIRMS THAT THIS ACTION SHOULD BE DISMISSED

### A. Tacori Continues to Refuse to Effectuate Proper Service

As detailed in KGK's Motion, KGK was never served with process. (Mot. at 5-7). Rather, seeking to avoid the need to serve KGK under the Hague Convention, Tacori purportedly served *someone* in New York, and called it a day. KGK has presented testimony confirming that KGK has no agent in New York, (Negi Decl.[1] ¶ 10), and therefore no valid service has been effectuated, whether under the Federal Rules or California law.

In its Opposition, Plaintiff doubles down and argues that service was valid because it served a "General Manager" of KGK. (Opp'n at 3–9). But Tacori never identifies this "General Manager," nor can it. The Proof of Service filed by Tacori states only that documents were served on an unidentified man with a "bald head" on the sixth floor of a building in New York—70 West 36th Street. (Dkt. 11). Tacori itself identifies ***four different businesses*** at this address, (Opp'n at 4-5), and a search of New York State records shows ***several more***, including real estate and other business unrelated to jewelry. In short, without an identification of the purported entity that was served, Tacori's argument immediately falls flat.

Under California law, a "general manager" for service of process is an agent who (1) is "of sufficient character and rank to make it reasonably certain that defendant would be apprised of the service" and (2) has "given [the defendant] substantially the business advantages that it would have enjoyed if it conducted its business through its own offices or paid agents in the state." *Cosper v. Smith & Wesson Arms Co.*, 53 Cal. 2d 77, 83–84 (1959) (quotation omitted). Obviously,

---

[1] "Negi Decl." refers to the December 16, 2022 Declaration of Dinesh Negi, filed in the is Action at Dkt. 21-1.

without knowing the name of the person or entity served, it is impossible to conduct this analysis.

Unable to provide this first step in the analysis, what follows is an incohesive recitation of irrelevant facts and speculation. (Opp'n at 4-10). As best understood, Tacori contends that: (a) it served one of four different legal entities (but does not know which one); (b) on "information and belief" those entities are "part of the "KGK Group"; and (c) KGK, the defendant here, is also part of that group. (*See* Opp'n at 4-5 ("[u]pon information and belief these are all entities related to KGK and the 'KGK Group' of entities …")). This is plainly insufficient to defeat KGK's Motion and only confirms that Tacori's scheme to skirt proper service (and waste time and resources seeking defaults) was poorly conceived. *See Whyenlee Indus. Ltd. v. Super. Ct.*, 33 Cal. App. 5th 364, 368, 244 Cal. Rptr. 3d 840 (2019) ("Failure to comply with the [Hague] Convention renders the service void, even if the defendant has actual notice of the lawsuit.") (citing *Balcom v. Hiller*, 46 Cal. App. 4th 1758, 1763, 54 Cal. Rptr. 2d 536 (1996)); *Jones v. James Trading Co. Ltd.*, No. 19-2674, 2019 WL 6354392, at *6 (C.D. Cal. July 3, 2019) ("service upon James Trading and James Industry through Hague Convention processes is preferable to service through Mr. Shi, an engineer employed by Every Industry (a vendor of James Trading), or through the California Secretary of State."); *SKC Kolon PI, Inc. v. Kaneka Corporation*, No. 10-7251, 2010 WL 11553177, at *3 (C.D. Cal. Nov. 18, 2010) (service upon Japanese corporation's U.S. subsidiary and exclusive distributor insufficient under California law).

For these reasons, the Complaint should be dismissed under Rule 12(b)(4) for "insufficient process" and Rule 12(b)(5) for "insufficient service of process." Tacori is plainly unwilling to follow the Rules. A summons was issued on June 2, 2022, (Dkt. 9), but Tacori made no attempt to serve KGK for more than two months (Dkt. 11). By its own admission, rather than comply with the Hauge Convention, it served a "group" of entities in New York and moved for a default judgment against

KGK. Irrespective of what Tacori purportedly understood up to that point, KGK's Motion to Set Aside the Default Judgment confirmed that there is no common ownership between KGK and any of the New York entities. (Dkt. 27 at 7-8). Yet, Tacori has still taken no steps to perfect service. Under these circumstances, dismissal with prejudice is warranted.

### B.  KGK Is Not Subject to Personal Jurisdiction in This Court

KGK's Motion also seeks dismissal under Rule 12(b)(2) because the Complaint contains only conclusory allegations with respect to personal jurisdiction. (Mot. at 7-9). Indeed, KGK is a Hong Kong company that has no contacts with California, nor does it maintain a relationship of permanent and continuous presence there. (Negi Decl. ¶¶ 5, 7, 9). Further, KGK has never directed activities toward California. (See Negi Decl. ¶¶ 4-7).

In its Opposition, Tacori does not address the deficiencies in its Complaint and, instead, attempts to sandbag KGK with an entirely new theory—that KGK is subject to nationwide jurisdiction under Fed. R. Civ. P. 4(k)(2). Specifically, Rule 4(k)(2) provides that personal jurisdiction may be established over a defendant where: "(1) the claim at issue arises from federal law; (2) [Defendant] is not subject to any state's courts of general jurisdiction; and (3) invoking jurisdiction upholds due process (namely, that jurisdiction is not unreasonable)." *Lang Van, Inc. v. VNG Corp.*, 40 F.4th 1034, 1040 (9th Cir. 2022) (citing *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1159 (9th Cir. 2006)). The burden is on Tacori to show the first two prongs. *Id*.

Tacori, however, has not only failed to show that KGK is subject to personal jurisdiction in California, but has also failed to adequately plead that KGK is subject to nationwide jurisdiction. *See Lee v. TV Chosun Corp.*, No. CV 22-0933 DSF (KSX), 2022 WL 17262129, at *4 (C.D. Cal. Nov. 18, 2022) (dismissing complaint because "Plaintiff fails to allege facts that Defendants purposefully directed conduct at California or the United States as a whole"). Ironically, after spending nearly half

its Opposition arguing that KGK is at home in New York, Tacori inconsistently asserts that KGK is not subject to jurisdiction in any state. Tacori cannot have it both ways—if its service in New York was proper, then its assertion of jurisdiction in California under Rule 4(k)(2) must fail.

With respect to the third prong of the Rule 4(k)(2) analysis—that the exercise of due process comports with due process—Tacori's arguments are unsupported. As explained:

- KGK is an Indian entity doing business in Hong Kong. (Negi Decl. ¶ 9);

- KGK designs, manufactures and sells fine jewelry in Hong Kong. (*Id.* ¶ 5);

- KGK does not do business or have offices outside of Hong Kong. (*Id.*);

- KGK has no subsidiaries or affiliates in the United States. (*Id.* ¶ 6);

- All purchases from KGK are made "free on board," that is, the buyer assumes all ownership and responsibility for the goods at the time the goods leave KGK's facilities in Hong Kong. (*Id.*);

- All purchases from KGK are made "free on board," that is, the buyer assumes all ownership and responsibility for the goods at the time the goods leave KGK's facilities in Hong Kong. (*Id.* ¶ 9).

In an effort to escape these facts, Tacori attempts to refocus the analysis on its own activities (Opp'n at 13), the activities of (unspecified) "KGK related entities" (*id.*), and the purchase and distribution of the accused products by third-parties parties (e.g., Blue Nile) (*id.* at 13-14). This is all irrelevant under the *Calder* "effects test," which looks "to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015) (quoting *Walden v. Fiore*, 571 U.S. 277, 285 (2014)).

Tacori needed to show that KGK "***directly targeted*** the forum." *Spy Optic, Inc. v. AreaTrend, LLC*, 843 F. App'x 66, 68 (9th Cir. 2021). A review of Tacori's

Opposition and supporting declarations shows no evidence that KGK—the named defendant—did so.  For at least the above reasons, the Complaint should be dismissed in its entirety for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).  *See Lee v. TV Chosun Corp.*, No. CV 22-0933 DSF (KSX), 2022 WL 18142511, at *6 (C.D. Cal. Sept. 19, 2022) ("Because there are no facts suggesting any Defendant purposefully directed [the alleged copyright infringement] at the United States as a whole, Rule 4(k)(2) does not support jurisdiction in this case."); *CAO Lighting, Inc. v. Signify N.V.*, No. 2:21-CV-08972-AB-SP, 2022 WL 16894500, at *5 (C.D. Cal. Sept. 19, 2022) ("Defendant's contacts with the nation are insufficient to establish personal jurisdiction under Rule 4(k)(2)" where the evidence shows that it "does not engage in the design, manufacture, importation, marketing, offers for sale or sales of any products or services, either in California or elsewhere in the United States").

### C. This Action Should Be Dismissed Under Rule 12(b)(6) Because the Complaint Fails to State a Claim

#### a. Tacori's Copyright Infringement Claim is Conclusory

As explained, Tacori's copyright claim (Count 1) should be dismissed because the Complaint merely includes a summary allegation that KGK's accused products are "substantially similar" and includes a single photo of each of the asserted designs and the accused products.  (Mot. at 10-12).  The Complaint simply fails to "identify specific, objective elements" in the asserted designs that are protectable, as required by this Court's precedent.  (*Id.*).

Tacori's Opposition on these points is difficult to follow.  For example, Tacori claims that the *Muromura* case is not relevant because it concerns a fluid with magnetic properties, and not jewelry.  (Opp'n at 17).  But, in Tacori's own words, it is improper to "'put the cart' before the horse by describing elements in both works without first identifying elements worthy of protection"—that is precisely what Tacori is doing here.  The Complaint wholly fails to identify "the

elements [of the asserted designs] worthy of protection." (*Id.*). Tacori compounds this problem by failing to identify or describe these elements in the accused designs.

Following Tacori's logic, a copyright plaintiff could always defeat a motion to dismiss and unlock the gates of discovery by "attaching certificates of copyright registrations" and making a boilerplate allegation of infringement—no matter how far-fetched. (Opp'n at 16). This is nothing more than "a disguised legal conclusion the Court is not obligated to accept as true." *Kev & Cooper, LLC v. Furnish My Place, LLC*, No. 8:20-cv-01509-MCS-KES, 2021 WL 6618745, at *3 (C.D. Cal. Nov. 28, 2021) (citing *Iqbal*, 556 U.S. at 678).

Tacori's failure to identify the purportedly protectable elements of its designs and identify those elements in the each of the accused products is fatal to its claim. *Kev & Cooper, LLC*, 2021 WL 6618745 at *3 (dismissing "Complaint [that] fail[ed] to articulate any protectable elements of Plaintiff's designs that are comparable to corresponding elements of Defendant's designs"); *Muromura v. Rubin Postaer & Associates*, No. CV 12-09263 DDP AGRX, 2015 WL 1728324, at *3-4 (C.D. Cal. Apr. 15, 2015) (plaintiffs' failure to "identify[] any elements or particular combination of elements worthy of protection" warranted dismissal with prejudice).

Tacori's copyright claim is unsalvageable and should be dismissed with prejudice.

### b.    Tacori's Trade Dress Claims are, Likewise, Conclusory

KGK moved to dismiss Tacori's claims for trade dress infringement (Counts II and III) because the Complaint does not sufficiently allege a likelihood of confusion. (Mot. at 12-14). In particular, the Complaint does not contain factual allegations regarding actual confusion, intent in adopting the mark, similarity of marks, similarity of goods and marketing channels, or the strength of the mark. (*Id.*). Nor does the Complaint allege that the accused products include the elements described in Tacori's registrations, e.g., "two essentially concentric rings, with one

of the rings having a larger diameter than the other" and "[e]mbedded between the concentric rings is an arc."  (Dkt. 3-3; *see also* Dkt. 3-2).

In response, Tacori simply asserts that its allegations—that the "Blue Nile Diamond Pave and Milgrain Ring provided by KGK is confusingly similar to the Tacori Signature Crescent Trademark" (Compl. ¶ 51) and the "Blue Nile Diamond Pave and Milgrain Profile Wedding Ring provided by KGK ring design is confusingly similar to the Tacori Crescent Trade Dress" (*id.* ¶ 52)—are sufficient. (Opp'n at 18-19).  Tacori is incorrect and asserts no evidence to suggest otherwise.  As such, the trade dress claims must be dismissed.  *See Open Air Ent., LLC v. CW Cases*, No. 12-4240, 2012 WL 12892362, at *3 (C.D. Cal. July 26, 2012) ("the Court concludes that Plaintiff has not sufficiently alleged likelihood of confusion, as it has not shown, and indeed has affirmatively alleged facts that show the absence of the requisite similarity between Plaintiff's protected … design and Defendants' [product]").

Tacori also urges the Court to ignore the fact the claimed crescent designs are nearly one hundred years old, because this evidence is outside the four corners of the Complaint.  (Opp'n at 18-19).  Tacori misses the point.  "The trade dress protection registered and granted to Plaintiff due to its specialized design cannot extend to contrasting or generic designs."  *Open Air Ent.,* LLC, 2012 WL 12892362 at *4.  The evidence in the record confirms that crescent designs are generic and any attempt for Tacori to amend the Complaint would be futile, i.e., Tacori cannot plead a valid claim of trade dress infringement.  *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").  Not surprisingly, Tacori makes no such request.

### c. Tacori's State Law Claim Fails for the Same Reason

Finally, KGK moved to dismiss Tacori's Claim for Violation of California Bus. & Prof. Code Section 17200 (Count IV) because any such claim fails for the same reasons discussed above with respect to Tacori's Lanham Act claims. *See, e.g.*, *Benebone LLC v. Pet Qwerks, Inc.*, No. 20-850, 2020 WL 8732321, at *7 (C.D. Cal. Sept. 3, 2020) (dismissing UCL claims "predicated on Defendant's alleged infringement of Benebone's trade dress" "[i]n light of the Court's determination that Plaintiff has not adequately pleaded . . . its trade dress infringement claims").

In its Opposition, Tacori asserts that its Section 17200 claim is actually tied to its *copyright* claim. (Opp'n at 19 ("Defendant has engaged in the advertisement of infringing copies of the Tacori Crescent Jewelry.")). If that is the case, the claim is preempted by the Copyright Act. Specifically, 17 U.S.C. § 301(a) provides that "exclusive rights within the general scope of copyright . . . or equivalent right in any such work under the common law or statutes of any State" are preempted by the Copyright Act. 17 U.S.C. § 301(a). The Ninth Circuit has set forth a two-part test to determine whether a state law claim is preempted by copyright law. Under this test, the state law claim is preempted if (1) the content of the protected right falls within the subject matter of copyright, as described in 17 U.S.C § 102, and (2) the right asserted under state law is equivalent to the exclusive rights contained in section 106 of the Copyright Act. *See Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1003 (9th Cir. 2001).

Here, the allegedly protected rights are jewelry designs—the "Tacori Crescent Jewelry" (Opp'n at 19)—which fall within the subject matter of copyright. In addition, the rights being asserted—"advertisement of infringing copies of the Tacori Crescent Jewelry," "offers to sell" the allegedly infringing jewelry, and "claims to ownership of a copyright" (Opp'n at 19)—are plainly duplicative of, or

analogous to, those covered by the Copyright Act. Count IV of the Complaint must therefore be dismissed. *See LIVN Worldwide Ltd. v. Vubiquity*, Inc., No. 21-9589, 2022 WL 18278470, at *2 (C.D. Cal. Nov. 21, 2022) (dismissing Section 17200 claim preempted by the Copyright Right and noting that "Plaintiff's extra allegations concerning pricing, manufacturing additional content, and using false release and air date data are insufficient to sustain an independent § 17200 claim").

### III.   CONCLUSION

For the reasons set forth above, the Complaint should be dismissed in its entirety.

Respectfully submitted,

Dated:  February 13, 2023

**SML AVVOCATI P.C.**

By:   /s/ Stephen M. Lobbin
      Attorneys for Defendant
      KGK Jewellery Manufacturing Ltd.

# CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2023, I electronically transmitted the foregoing document using the CM/ECF system for filing, which will transmit the document electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies have been served on those indicated as non-registered participants.

/s/ Stephen M. Lobbin

089617\2\170112741.v1