UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-3739-SVW-GJS | | Date | February 23, 2022 |
|---|---|---|---|---|
| Title | *Tacori v. Blue Nile et. al.* | | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**      ORDER DENYING MOTION TO DISMISS [31]

## I.      INTRODUCTION

Before the Court is a motion to dismiss brought by Defendant KGK Jewellery Manufacturing ("Defendant" or "KGK"). ECF No. 31.

For the following reasons, Defendant's motion to dismiss is DENIED.

## II.      BACKGROUND

Plaintiff Tacori Enterprises ("Plaintiff" or "Tacori") is a jewelry manufacturer who produces engagement rings and other types of jewelry. Complaint, ECF No. 3, ("Compl."), at ¶¶ 9-22. Plaintiff has copyrighted and trademarked a number of its designs. *Id.* Among these designs are for engagement rings featuring crescent shapes along the sides of its jewelry, which often contain diamonds. *Id.*

Plaintiff discovered that other jewelers were selling engagement rings that appeared similar to Plaintiff's designs. Plaintiff alleges that Defendant KGK, its supplier of diamonds and who sold

_____ : _____
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-3739-SVW-GJS | Date | February 23, 2022 |
|---|---|---|---|
| Title | *Tacori v. Blue Nile et. al.* | | |

products to Defendant Blue Nile, began marketing products containing protected design elements of Plaintiff's jewelry. *Id.* ¶ 26. KGK is an Indian company doing business in Hong Kong.

More specifically, Plaintiff alleges that it has a copyright in its wedding ring designs. Compl. ¶¶ 39-41. Plaintiff also alleges that its trademark and trade dress consist of "the appearance of portions of two essentially concentric rings, with one of the rings having a larger diameter than the other. Embedded between the rings are repeating semi-circles or arcs which appear contiguous to each other. A space is created between the contiguous semi-circles or arcs." Compl. ¶ 16. Tacori owns a United States trademark registration for the Tacori Crescent Trade Dress, Registration No. 3,728,425, as well as a registered trademark. *Id.* ¶¶ 16-17.

As to the only remaining defendant, KGK, Plaintiff alleges that it supplied infringing designs to Blue Nile. Plaintiff contends that the following designs unlawfully infringe on its copyrighted and trademarked designs:





Tacori Style No. HT 2229



Blue Nile Diamond Pave and Milgrain Profile Wedding Ring

_____ : _____

Initials of Preparer

PMC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-3739-SVW-GJS | Date | February 23, 2022 |
|---|---|---|---|
| Title | *Tacori v. Blue Nile et. al.* | | |



Tacori Style No. HT 2550 B



Tacori Style No. 2620



Blue Nile Diamond Pave and Milgrain Ring

_____ : _____

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-3739-SVW-GJS | Date | February 23, 2022 |
|---|---|---|---|
| Title | *Tacori v. Blue Nile et. al.* | | |



Tacori Style No. 2638

Compl., ¶¶ 40-42.

Plaintiff therefore filed a complaint on June 1, 2022.   Plaintiff and Defendant Goldstar Jewellery filed a notice of dismissal with prejudice. ECF No. 13.   Plaintiff and Defendant Blue Nile also subsequently filed a notice of dismissal with prejudice.   ECF No. 19. Plaintiff moved for default judgment pursuant to Fed R. Civ. P. 55(b)(2) against KGK ("Defendant"). Mot. for Default J., ECF Nos. 15, 21 ("MDJ"). The Court entered a default judgment against KGK, but subsequently set aside the default judgment upon Defendant's motion. ECF No. 30.

KGK moved to dismiss the complaint for lack of proper service, lack of personal jurisdiction, and for failure to state a claim. ECF No. 31. Tacori opposed the motion. ECF No. 32. KGK filed its reply on On February 13, 2023. ECF No. 34.

_____ : _____

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-3739-SVW-GJS | Date | February 23, 2022 |
|---|---|---|---|
| Title | *Tacori v. Blue Nile et. al.* | | |

The Court deemed the matter suitable for resolution without oral argument and took the motion under submission. For the forthcoming reasons, the motions to dismiss for lack of service or service of process, personal jurisdiction, and for failure to state a claim is denied.

### III.   RULES 12(b)(4) and (b)(5) – MOTION TO DISMISS FOR IMPROPER SERVICE AND SERVICE OF PROCESS

#### A.  Legal Standard

A party may seek dismissal of a complaint for insufficient service or service of process under Fed. R. Civ. P. 12(b)(4) or (5). Upon a Rule 12(b)(5) motion, the burden is on the plaintiff to establish validity of service. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

Rule 4(h) governs service on foreign corporations. It allows for domestic service "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).

A corporation may also be served under Rule 4(e)(1), which governs service of individuals. Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) provides that service under this rule can be effected by following the state law for service of summons in the state where the district court is located. Fed. R. Civ.P. 4(e)(1).

Under California service of process rules, a foreign corporation can be served by following California Corporations Code section 2110. It provides:

> Delivery by hand of a copy of any process against a foreign corporation (a) to any officer of the corporation or its general manager in this state, or if the corporation is a bank to a cashier or an assistant cashier, (b) to any natural person designated by it as agent for the service of process, or (c), if the corporation has designated a corporate agent, to any person named in the latest certificate of the corporate agent filed pursuant to Section 1505 shall constitute valid service on

_____ : _____

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-3739-SVW-GJS | | Date | February 23, 2022 |
|---|---|---|---|---|
| Title | *Tacori v. Blue Nile et. al.* | | | |

the corporation. A copy of the statement and designation, or a copy of the latest statement filed pursuant to Section 2117, certified by the Secretary of State, is sufficient evidence of the appointment of an agent for the service of process.

Notably, if effective service is possible and there has been no prejudice to the defendant, courts have discretion to quash service rather than dismiss the action entirely. *See Jones v. James Trading Co. Ltd.*, 2019 WL 6354392 at *6 (citing *S.J. v. Issaquah School Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006)); Fed. Civ. Proc. Before Trial § 5:354.

## B. Discussion

For the forthcoming reasons, Plaintiff has met its burden in showing that Defendant was properly served when Plaintiff hand-delivered service in New York.

"There are few published precedential decisions examining 'general manager' status under California's service-of-process statutes . . . both the California Supreme Court (long ago) and the California Court of Appeal (much more recently) have issued decisions which, in this Court's view, must dictate the necessary analysis and outcome here. Initially, *Cosper v. Smith and Wesson Arms Company*, 53 Cal.2d 77 (1959), the Supreme Court decision, sets the bar *exceedingly low* for who/what may be deemed a 'general manager' for this purpose. This Court must follow its approach to the question." *K-fee Sys. GmbH v. Nespresso USA, Inc.*, No. CV 22-525-GW-AGRX, 2022 WL 18278402, at *7 (C.D. Cal. July 13, 2022).

Courts interpreting this statute have applied it even to "general managers" whose physical premises are outside California, but who serve as the "general manager" to those inside California. *See, e.g., Falco v. Nissan N. Am. Inc.*, 987 F. Supp. 2d 1071, 1080 (C.D. Cal. 2013) (holding that a Tennessee entity served as a "general manager" under the meaning of California law); *see also Pasadena Medi-Ctr. Assocs. v. Superior Court*, 9 Cal. 3d 773, 778 (1973) (holding that California's service of process rules should be "liberally construed to effectuate service and uphold the jurisdiction of the court if actual notice has been received by the defendant, and in the last analysis the question of service should be resolved by considering each situation from a practical standpoint.").

_____   :   _____

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-3739-SVW-GJS | | Date | February 23, 2022 |
|---|---|---|---|---|
| Title | *Tacori v. Blue Nile et. al.* | | | |

In *Cosper*, the court found that a plaintiff had served the "general manager" of a foreign corporation when it served a sporting goods "general manufacturer representative" who was "[b]asically . . . a sporting goods salesman." *Cosper*, 53 Cal.2d at 80, 83 ("it has been said that 'every object of the service is obtained when the agent served is of sufficient character and rank to make it reasonably certain that the defendant will be apprised of the service made'"); *Yamaha Motor Co., Ltd. v. Superior Court*, 174 Cal. App. 4th 264, 273 (2009). The corporation and its employee, the person who was served on behalf of that entity, had been engaged by the foreign defendant "for the promotion of sales, for the servicing of dealer accounts, and for the distribution of advertising material which [the] defendant furnished in furtherance of its selling activity." *Cosper*, 53 Cal.2d at 82. The actual defendant, however, had no actual control over the sporting goods salesman, nor did it have any parent-subsidiary relationship with the entity served. *See id.*

The gravamen of the dispute, then, is whether the KGK entity Tacori served in New York is a "general manager" of Defendant such that it is "reasonably certain that the defendant [was] apprised of the service made." *Id.* Tacori contends that it properly effected service upon KGK when it served a bald, brown-eyed, 45-year-old Caucasian "John Doe" at 70 West 36th Street in New York City. ECF No. 11.

Here, Plaintiff has met its burden in showing that the service was proper. As the binding precedent shows, and other district courts have recognized, the bar for showing that an entity was a "general manager" is "exceedingly low." Plaintiff's extensive evidence in the record sufficiently meets this low bar.

The following entities are registered with the New York Secretary of State and identify 70 West 36th Street, 6th Floor, New York, New York as their address for service of process: KGK Jewelry LLC, KGK Jewelry USA LLC, KGK Jewels LLC and KGK Semi Precious Gems USA Inc. Opp'n at 4-5. Tacori's private investigator has identified Pankaj Kothari as President of one of these entities—KGK Jewelry LLC. Andonian Decl., Ex. 1. Tacori's board members have met with members of the Kothari family, Dinesh and Sandeep Kothari, who run KGK. Declaration of Haig Tacorian, ECF No. 33, at ¶¶ 3-

|  |  | : |
|---|---|---|
| | Initials of Preparer | |
| | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-3739-SVW-GJS | Date | February 23, 2022 |
|---|---|---|---|
| Title | *Tacori v. Blue Nile et. al.* | | |

4. Some of these meetings took place in the United States. *Id.* And Haig Tacorian was directed to place orders for precious stones through KGK Group's New York offices. *Id.* ¶ 2.

Plaintiff's surveillance of the New York office also revealed that a trademark registered to KGK Group was placed on the window of the office. Andonian Decl., Ex. 24. As Plaintiff notes, KGK Jewelry is the applicant and owner of the mark, which was signed by Mahipal Singhvi in 2012 and lists the 70 West 36th Street address. *Id.* Exs. 28, 29. According to his Linkedin page, Singhvi works for Martin Flyer, which was acquired by KGK Group. *Id.* Ex. 5. His Linkedin page lists the New York address as his place of work. *Id.*

This evidence is even more persuasive than the evidence on the record in *Cosper*. Again, in *Cosper*, the person served was not an employee of the defendant or any parent or subsidiary of the defendant and was "basically" a salesman. Here, in contrast, the evidence presented by Tacori shows that the New York office is more closely connected with Defendant as the location of one of its subsidiaries and the place where it directs United States customers, such as Plaintiff, to do business.

The record before the Court therefore shows that the New York office is sufficiently connected with Defendant such that Defendant was reasonably apprised of service. This conclusion is reinforced by the fact that KGK was in communication with Plaintiff before Plaintiff moved for default and a default judgment against KGK. ECF No. 21, Declaration of Armand Andonian, Ex. B. Defendant's motion pursuant to Rules 12(b)(4) and/or 12(b)(5) is accordingly DENIED.

**IV.   RULE 12(b)(2) – MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

**A.  Legal Standard – Rule 4(k)(2)**

"Personal jurisdiction is proper under Rule 4(k)(2) when (1) the action arises under federal law, (2) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction, and (3) the court's exercise of jurisdiction comports with due process." *Ayla, LLC*, 11 F.4th at 978.

_____     :  _____
Initials of Preparer
                                        PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-3739-SVW-GJS | Date | February 23, 2022 |
|---|---|---|---|
| Title | *Tacori v. Blue Nile et. al.* | | |

"Because [Plaintiff] has alleged copyright infringement, a tort-like cause of action, purposeful direction is the proper analytical framework." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011) (quotations and citations omitted). Courts evaluate purposeful direction under the three-part "effects" test traceable to the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984). *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 803 (9th Cir. 2004).

The "effect" tests requires that the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011). The plaintiff bears the burden of establishing the first two elements; if it meets its burden, the burden then shifts to the defendant to show that jurisdiction would be unreasonable.

**B. Discussion**

Plaintiff has met its burden in establishing that Defendant purposefully directed its activities to the United States as a whole, shifting the burden to Defendant to show that exercising jurisdiction would be unreasonable.

1. **The Action Arises Under Federal Law and Defendant Does Not Contend it is Subject to General Personal Jurisdiction in Any State**

The action arises under federal law, as it is a copyright and trademark infringement action. *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1207-08 (9th Cir. 2020). There is also no indication from Defendant that it is subject to general jurisdiction anywhere in the United States. *See Lang Van, Inc. v. VNG Corp.*, 40 F.4th 1034, 1040 (9th Cir. 2022).

The first two elements are accordingly met.

_____  :  _____

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-3739-SVW-GJS | | Date | February 23, 2022 |
|---|---|---|---|---|
| Title | *Tacori v. Blue Nile et. al.* | | | |

2.  **Exercising Personal Jurisdiction Over KGK Comports with Considerations of Due Process**

a.  **Purposeful Direction**

The heart of the parties' dispute lies in whether exerting personal jurisdiction over Defendant would comport with due process. Applying the purposeful direction test, the Court holds that it does.

First, Plaintiff has met its burden in showing that Defendant has committed an intentional act. "For purposes of jurisdiction, a defendant acts intentionally when he acts with an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act. *AMA Multimedia, LLC*, 970 F.3d at 1209 (citations and quotations omitted." Here, Defendant did so by intentionally selling its products, a physical act in the world.

Second, Plaintiff has also met its burden in showing that Defendant expressly aimed these acts at the forum. It did so by selling its products to those it knew did business in the United States and in California—namely, Blue Nile and others. According to the Hong Kong General Chamber of Commerce, KGK is "[a]ffiliated by KGK GROUP of Companies, We Manufacture and Export Jewellery studded with Diamonds, Precious & Semi Precious stones to JAPAN, U.S.A…." Andonian Decl., ECF No. 32-2, Exs. 34, 36. *See Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.,* 106 F.3d 284, 289 (9th Cir.1997), *rev'd on other grounds,* 523 U.S. 340, 118 S.Ct. 1279 (1998) (holding that that an allegation of a defendant's willful copyright infringement against a plaintiff with knowledge of plaintiff's principal place of business satisfies the *Calder* effects test) (citing *Calder,* and stating that "[plaintiff] alleged, and the district court found, that [defendant] willfully infringed copyrights owned by [plaintiff], which, as [defendant] knew, had its principal place of business in the Central District. This fact alone is sufficient to satisfy the 'purposeful availment' requirement."). Defendant accordingly directed its activities to the United States because it intentionally exported stones to the United States.

_____ : _____

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-3739-SVW-GJS | Date | February 23, 2022 |
|---|---|---|---|
| Title | *Tacori v. Blue Nile et. al.* | | |

Third, because Defendant was aware that its products would be sold in the United States, it was aware that any harm suffered would be felt in the forum. Defendant has not met its burden in showing that exercising personal jurisdiction would run afoul of due process considerations. "[T]he 'brunt' of the harm need not be suffered in the forum state," but only "a jurisdictionally sufficient amount of harm." *Yahoo! Inc.,* 433 F.3d at 1207. "This element is satisfied when defendant's intentional act has 'foreseeable effects' in the forum." *Brayton,* 606 F.3d at 1131.

As in cases such as *Brayton,* where "it was foreseeable that [Plaintiff] would be harmed by infringement of its copyright, including harm to its business reputation and goodwill, and decreased business and profits. It was also foreseeable that some of this harm would occur in the Forum, where [Plaintiff] was known to reside." *Id.* The same is true here: Defendant was aware that the products it sold to its buyers would be sold in California, and the United States at large, because it supplied the allegedly infringing products to Blue Nile. Andonian Decl., ECF No. 32-2, Ex. 36.

Defendant's primary argument that it did not purposefully direct its activities to the United States because it sells products "free on board" does not enable it to meet its burden in showing that exercising jurisdiction over it would not comport with due process. The term "free on board" is simply a means of contractually shifting any loss from the seller to the buyer. Defendant cites no case law for the proposition that selling goods "free on board" means that a defendant does not engage in an intentional act that could subject it to personal jurisdiction in the United States. Regardless of whether the buyer or seller bears the risk of loss of the goods, Defendant still intentionally sold its allegedly infringing jewelry to buyers it knew did business in the United States.

### b. Reasonableness

A defendant has the burden of presenting a "compelling case that the presence of some other considerations would render jurisdiction [in the United States] unreasonable*." Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.,* 328 F.3d 1122, 1132 (9th Cir. 2003) (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477 (1985)). Here, KGK has not met its burden in showing that jurisdiction would be unreasonable.

_____ : _____

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | | |
|---|---|---|---|---|
| Case No. | 2:22-cv-3739-SVW-GJS | | Date | February 23, 2022 |
| Title | *Tacori v. Blue Nile et. al.* | | | |

To evaluate reasonableness, the court weighs seven factors:

> (1) the extent of the [defendant's] purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Paccar, Paccar Int'l, Inc. v. Commercial Bank of Kuwait, S.A.K.*, 757 F.2d 1058, 1064-65 (9th Cir. 1985). The Court considers each factor in turn.

### (1) Purposeful Interjection

KGK has purposefully interjected itself into the forum because, as stated above, it purposefully exported products to the United States. Therefore, this factor therefore weighs in favor of a finding of reasonableness.

### (2) KGK's Burden of Litigating in the Forum

KGK has not shown that litigating in the United States would be especially burdensome. As discussed *supra*, KGK representatives have traveled to California before to meet with Tacori employees. Because KGK has not raised this issue and because KGK representatives have shown ability to travel to the United States, this factor weighs in favor of reasonableness.

### (3) Conflict of Sovereignty

_____ : _____
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-3739-SVW-GJS | Date | February 23, 2022 |
|---|---|---|---|

| Title | *Tacori v. Blue Nile et. al.* |
|---|---|

The parties have not identified a conflict between the sovereignty of the United States and either India or Hong Kong. Accordingly, this factor is neutral. *See Tranik Enterprises*, 2016 WL 11595066, at *4 (C.D. Cal. July 18, 2016).

### (4) Forum State's Interest

The United States has an interest in providing effective judicial redress for its citizens. *Brand*, 796 F.2d at 1075-76. This interest is particularly strong where the claim is one for tortious injury, like copyright infringement. *See, e.g., Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 243 F. Supp. 2d 1073, 1093 (C.D. Cal. 2003). This weighs in favor of a finding of reasonableness.

### (5) Efficient Resolution

In assessing the efficiency of a forum state, the Court looks primarily at where the evidence and witnesses are likely to be located. *Panavision*, 141 F.3d at 1324; *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1489 (9th Cir. 1993. Here, the evidence and witnesses are largely located in the United States given that the allegedly infringing products, the rings, were marketed, sold, and distributed there. Accordingly, this factor weighs in favor of a finding of reasonableness.

### (6) Convenient and Effective Relief

The United States would best provide convenient and effective relief for Plaintiff, given that Tacori is located there. Moreover, KGK has not sufficiently demonstrated that effective relief — remedies for infringement of U.S. copyrights within the United States — would be available outside of a U.S. forum. *See, e.g., Metro-Goldwyn-Mayer Studios*, 243 F. Supp. 2d at 1094. Therefore, this factor weighs in favor of reasonableness.

### (7) Alternative Forum

_____   :   _____

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-3739-SVW-GJS | Date | February 23, 2022 |
|---|---|---|---|
| Title | *Tacori v. Blue Nile et. al.* | | |

Though India or Hong Kong may be alternative forums for bringing suit against KGK, United States copyright law applies to the action. Thus, even if those places were available to hear this litigation, they would be forced to interpret U.S. law, which "alone militates heavily in favor of this Court's assertion of jurisdiction." *See id.* (cleaned up). Accordingly, this factor weighs in Plaintiffs' favor.

\*\*\*

Balancing the factors weighs in favor of reasonableness. For the foregoing reasons, Defendant is subject to specific personal jurisdiction in the Central District of California.

### V.      RULE 12(b)(6) -- MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

#### A.  Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint.   *See* Fed. R. Civ. P. 12(b)(6).   To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.   A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."   *Id.; see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party."   *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014).   Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine

_____ : _____

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-3739-SVW-GJS | Date | February 23, 2022 |
|---|---|---|---|
| Title | *Tacori v. Blue Nile et. al.* | | |

whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

### B. Discussion

#### 1. Copyright Infringement – 15 U.S.C. section 1125(a)

Evidence of copying can be established through direct or indirect evidence. Where no direct evidence of copying is provided, a plaintiff may establish copying by showing "that the infringer had access to the work and that the two works are substantially similar." *Shaheed-Edwards v. Syco Entm't, Inc.*, No. 17-cv-6579 (SJO). In proving access, the plaintiff must show that there is a reasonable possibility that the defendant accessed their work, as opposed to a bare possibility of access. *Art Attacks Ink, LLC v. MGA Entm't Inc.*, 581 F.3d 1138, 1143 (9th Cir. 2009).

Circumstantial evidence that meets this standard may come in two forms: (1) evidence that a plaintiff's work has been widely disseminated, and (2) evidence of a chain of events linking the plaintiff's work with the defendant's access to that work. *Id.*

Substantial similarity is assessed through the extrinsic test and the intrinsic test. "The extrinsic test requires plaintiffs to show overlap of concrete elements based on objective criteria, while the intrinsic test is subjective and asks whether the ordinary, reasonable person would find 'the total concept and feel of the works' to be substantially similar." *Unicolors, Inc. v Urban Outfitters, Inc.*, 853 F.3d 980, 985 (9th Cir. 2017).

Tacori has shown that it holds a valid copyright in its ring designs, establishing a statutory presumption of originality. *See* 17 U.S.C. section 410(c).

And as to copying, here, Plaintiff has met its burden in showing that Defendant had access to the copyrighted ring designs. Plaintiff has alleged that its works were widely disseminated and marketed. It has spent millions of dollars advertising its rings to a national audience both digitally and in print. Tacorian Decl. Defendant also supplied diamonds to Plaintiff, establishing that Defendant was aware of

---

_____ : _____

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-3739-SVW-GJS | Date | February 23, 2022 |
|----------|----------------------|------|-------------------|
| Title | *Tacori v. Blue Nile et. al.* | | |

Plaintiff's designs. Mot. at 7-8. Last, the Tacorian Declaration asserts that the declarant believes that Defendant has attended an annual jewelry show every year where Plaintiff's designs were being shown. Tacorian Decl. ¶ 6; *Art Attacks Ink, LLC*, 581 F.3d at 1143.

Plaintiff has also adequately pled that the protectable elements of its ring designs are substantially similar to Defendants' products. *Id.* at 9-10. More specifically, for the diamond rings, each have an elongated crescent containing three diamonds on each side of the cathedral-set center diamond ending in triangular relief, with milgrain beading throughout. *Id.* at 8. Likewise, both Plaintiff and Defendants' band-style rings feature milgrain beading along the profile of the ring, a triangular relief on each side of the crescent shape, and diamonds within each crescent set in prongs. *Id.* at 8-9.

### 2. Trade Dress Infringement

"A successful trademark infringement claim under the Lanham Act requires a showing that the claimant holds a protectable mark, and that the alleged infringer's imitating mark is similar enough to 'cause confusion, or to cause mistake, or to deceive.'" *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 630 (9th Cir. 2005) (quoting *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 117 (2004)). To that end, to prove trade dress infringement, a plaintiff must demonstrate that (1) the trade dress is nonfunctional, (2) the trade dress has acquired secondary meaning, and (3) there is a substantial likelihood of confusion between the plaintiff's and defendant's products. *Disc Golf Ass'n v. Champion Discs*, 158 F.3d 1002, 1005 (9th Cir. 1998).

### a. Plaintiff Has Plausibly Pled That Its Designs are Nonfunctional

Plaintiff has shown that it has registered trademarks in its "Tacori crescent trade dress" and "Tacori signature crescent trademark" which are nonfunctional. MDJ at 11. More specifically, Plaintiff has adequately alleged that these trade dress elements, such as the decorative crescent shapes, are nonfunctional, because they serve no function aside from adorning the ring.

The first element is therefore met.

_____        :  _____

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-3739-SVW-GJS | Date | February 23, 2022 |
| Title | *Tacori v. Blue Nile et. al.* | | |

### b.  Plaintiff Has Plausibly Pled Evidence of Secondary Meaning

"To succeed on a trade dress infringement based on product design, the plaintiff must show that her design has attained secondary meaning." *Art Attacks Inc., LLC v. MGA Entertainment Inc.*, 581 F.3d 1138, 1145 (9th Cir. 2009). "Secondary meaning can be established in many ways, including (but not limited to) direct consumer testimony; survey evidence; exclusivity, manner, and length of use of a mark; amount and manner of advertising; amount of sales and number of customers; established place in the market; and proof of intentional copying by the defendant." *Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns, Inc.,* 198 F.3d 1143, 1151 (9th Cir.1999).

Here, Plaintiff has adequately alleged that its rings have attained secondary meaning. It has registered its trade dress. Plaintiff has also incorporated the crescent in pieces across its jewelry line since 1999, as a series of concentric rings that contain diamonds. Compl. ¶16. Plaintiff has spent substantial time and money marketing its jewelry such that the products are associated with the crescent. *Id.* ¶¶ 18-22. Last, Plaintiff has attained commercial success, as its products are sold nationwide and have had "outstanding commercial success." *Id.*

The second element is accordingly met.

### c.  Plaintiff Has Plausibly Pled a Likelihood of Confusion

As in the trademark infringement context, the likelihood of confusion standard is oriented from the perspective of a "reasonably prudent consumer" in the marketplace.   *See Dreamwerks Prod. Grp., Inc. v. SKG Studio*, 142 F.3d 1127, 1129 (9th Cir. 1998). To analyze the likelihood of confusion, courts consider—but do not rigidly weigh—eight factors known as the *Sleekcraft* factors: (1) strength of the mark(s); (2) relatedness of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels; (6) degree of consumer care; (7) the defendants' intent; and (8) the likelihood of expansion by the trademark holder. *See id.* (citing *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49 (9th Cir. 1979).

_____ : _____

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-3739-SVW-GJS | Date | February 23, 2022 |
|---|---|---|---|
| Title | *Tacori v. Blue Nile et. al.* | | |

The first factor, the strength of the trade dress, favors Plaintiff. As discussed above in addressing whether the trade dress has attained secondary meaning, Plaintiff has spent substantial time and effort marketing and selling the crescent trade dress since 1999 and has resultantly achieved great commercial success. Therefore, Plaintiff has satisfactorily alleged that the mark is strong.

The second and third factors, the relatedness of the goods and similarity of the trade dress, also favor Plaintiff. The products are the same: rings, and more specifically, wedding and engagement rings. And as discussed above, there are numerous similarities between the ring designs. *See discussion supra.*

The fourth factor, evidence of actual consumer confusion, also plausibly favors Plaintiff. The Tacorian Declaration sufficiently establishes that Plaintiff has received inquiries from consumers purporting to be confused. *See Ironhawk Techs., Inc. v. Dropbox, Inc.*, 2 F. 4th 1150, 1165 (9th Cir. 2021) (two declarations containing statements of consumer confusion written by the company's own founder constituted evidence of actual confusion).

The sixth factor favors Defendant. Engagement and wedding rings are typically expensive, and courts have held that consumers of luxury products take greater case in choosing expensive products. Still, as Plaintiff notes, courts have observed that "confusion may often be likely, even in the case of expensive goods sold to discerning customers"). *Brookfield Comms., Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1060 (9th Cir. 1999).

The seventh and eighth factors weigh neutrally. The similarity of the designs, though they are not identical, could plausibly suggest some intent to copy, construing all inferences in the non-movant's favor. The eighth factor weighs neutrally because Plaintiff has not established that it intends to expand its business.

Thus, on balance, the analysis of the *Sleekcraft* factors show Plaintiff has plausibly stated a claim for trademark and trade dress infringement, and its complaint should not be denied on this basis.

_____ : _____

Initials of Preparer

PMC
_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-3739-SVW-GJS | Date | February 23, 2022 |
|---|---|---|---|
| Title | *Tacori v. Blue Nile et. al.* | | |

\*\*\*

For the foregoing reasons, drawing all inferences in its favor, Plaintiff has plausibly pled a claim for trade dress infringement and therefore also for false designation of origin under the Lanham Act.

### 3.  False Designation of Origin and California Unfair Competition Law Violations

The California unfair competition law prohibits "unfair competition," which is broadly defined to include "three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent."  *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). A violation may be established where a defendant's act or practice violates any of the three prongs.  *See Lozano v. AT & T Wireless Servs.*, Inc., 504 F.3d 718, 731 (9th Cir.2007).

As discussed above, Plaintiff has met its burden in showing that it adequately alleged copyright and trademark violations by Defendant. These violations can serve as a predicate violation for the UCL. For the reasons discussed above, Plaintiff has accordingly stated a claim for violations of the UCL.

### VI.    CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion to dismiss. Defendant shall have 10 days from the issuance of this Order to answer the complaint.

**IT IS SO ORDERED.**

_____  :  _____

Initials of Preparer

PMC